IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JONATHAN BAKER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-3045-N |
| | § | |
| SCHNEIDER NATIONAL CARRIERS, INC. | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Schneider National Carriers, Inc.'s ("Schneider") motion for summary judgment [19]. Because Plaintiff Jonathan Baker is not a qualified individual under the Americans with Disabilities Act, the Court grants summary judgment to Schneider.

### I. THE EMPLOYMENT DISPUTE

This dispute arises from Plaintiff Jonathan Baker's employment with Schneider, a transportation and logistics company. Baker first worked for Schneider as a Dedicated Driver transporting loads of freight by commercial truck, and later as a Yard Jockey Driver coordinating operations and moving semi-trailers at Schneider's distribution center. Def.'s App. 11-14 [21]; Decl. of Gerald English ¶¶ 5, 7 [21]. Both positions involve the operation of commercial motor vehicles. One day while Baker was opening a truck door at work, he suffered an injury to his right eye that damaged his cornea. Def.'s App. 25-26.

ORDER – PAGE 1

After Baker's injury, he provided Schneider with conflicting work status reports from healthcare providers, one releasing him to work without restrictions and one prohibiting him from driving vehicles or performing safety-sensitive tasks. *See id.* at 84-91. Schneider and Baker agreed on a temporary restricted duty position consisting of maintaining logs and other paperwork. *Id.* at 93-94. However, Baker claimed he could not perform this limited role due to worsening vision and photophobia (light-sensitivity) in his injured eye. *Id.* at 9-10. Baker took approved medical leave for about five months. *Id.* at 40-41. When Baker could not return to work after several months of leave, Schneider terminated him and encouraged him to reapply for an open position once his eye recovered. *Id.* at 47-48.

Baker filed this lawsuit against Schneider bringing claims for disability discrimination and failure to accommodate his disability. Schneider filed a motion for summary judgment to which Baker did not respond.

## II. LEGAL STANDARD FOR SUMMARY JUDGMENT

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

ORDER – PAGE 2

When a party bears the burden of proof on an issue, "he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25.

Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). Factual controversies are resolved in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Hous.*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III. THE COURT GRANTS THE MOTION FOR SUMMARY JUDGMENT

Baker's ADA claim contains two parts: (1) an allegation that Schneider did not reasonably accommodate his disability and (2) an allegation that Schneider terminated his

ORDER – PAGE 3

employment based on that disability. Both allegations require Baker to show he was qualified for his job, i.e., that he could perform the essential functions of his job either with or without reasonable accommodation. Because undisputed facts show Baker was not so qualified, the Court holds Schneider is entitled to summary judgment.

### A. *Schneider Did Not Fail to Reasonably Accommodate Baker*

Under the ADA, employers must make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee" unless the employer "can demonstrate that the accommodation would impose an undue hardship on the operation of [its] business." 42 U.S.C. § 12112(b)(5)(A). To recover on a claim for failure to accommodate, an employee must demonstrate that (1) she is a qualified individual with a disability, (2) the disability and its consequential limitations were known by the employer, and (3) the employer failed to make reasonable accommodations for such known limitations. *Feist v. Louisiana*, 730 F.3d 450, 452 (5th Cir. 2013). The burden of requesting a reasonable accommodation rests with the employee. *Loulseged v. Azko Nobel Inc.*, 178 F.3d 731, 735 n.4 (5th Cir. 1999). Because Baker is not a qualified individual, Schneider is entitled to summary judgment.

A qualified individual is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position." 42 U.S.C. § 12111(8). To survive summary judgment, Baker must show that (1) he could perform the essential functions of his job despite his disability or (2) a reasonable accommodation of his disability would have enabled him to perform the essential functions

of his job. *Burch v. City of Nacogdoches*, 174 F.3d 615, 619 (5th Cir. 1999). Baker has demonstrated neither.

***1. Safely Driving Commercial Vehicles Is an Essential Function of Baker's Job.*** – The undisputed facts show safely driving commercial vehicles is an essential function of both positions Baker held during his employment with Schneider as a matter of law. Essential functions are those that are fundamental, as opposed to marginal, job duties. *Credeur v. La. through Off. of Att'y Gen.*, 860 F.3d 785 (5th Cir. 2017) (citing 29 C.F.R. § 1630.2(n)(1)). In determining whether a function is essential, Courts must give greatest weight to the employer's judgment while also considering written job descriptions, the amount of time spent on the job performing the function, and the consequences of not requiring the employee to perform the function. *Id.* (quoting 29 C.F.R. § 1630.2(n)(3)).

Driving is inherent in both positions Baker held with Schneider. In Schneider's judgment, safely driving commercial vehicles is a fundamental job duty for both the Dedicated Driver and Yard Jockey Driver positions. Def.'s Br. 9 [22]. As a Dedicated Driver, Baker's primary job function was to deliver freight by driving commercial trucks and other vehicles. Decl. of Gerald English ¶ 5. The primary duties listed in Schneider's Yard Jockey Driver job description are "transport[ing] customer product[s] . . . by driving diesel powered tractor-trailer combinations into/out of dock doors and parking spaces." Def.'s App. 77. Baker agreed during his deposition that being able to drive was an essential job duty for his position, and his own description of his job duties including the operation of a yard jockey supports that conclusion. *See id.* at 19-20, 24. The Court is aware of no

evidence in the record supporting a contrary conclusion and holds that safely driving commercial vehicles is an essential function of Baker's job as a matter of law.

>    *2. Baker Could Not Perform the Essential Functions of His Job With or Without Reasonable Accommodation.* – Baker admitted at his deposition that his vision problems prevented him from being able to safely operate any type of commercial vehicle or equipment from the date of his injury until his termination. Def.'s App. 43-44, 51-52. Further, Baker has not identified any reasonable accommodation of his disability that would enable him to safely operate a vehicle. "The ADA does not require an employer to relieve an employee of any essential function of his or her job, modify those duties, reassign existing employees to perform those jobs, or hire new employees to do so." *Burch*, 174 F.3d at 621. Because Baker has not shown he could perform an essential function of his job with or without reasonable accommodation, he is not a qualified individual and Schneider is entitled to summary judgment on Baker's failure to accommodate claim.

> **B. Baker Has Not Established a Prima Facie Case of Disability Discrimination**

The ADA prohibits an employer from discriminating against a "qualified individual with a disability on the basis of that disability." 42 U.S.C. § 12112(a). In an action for discriminatory termination under the ADA, the employee may either present direct evidence that he was discriminated against because of his disability or alternatively proceed with circumstantial evidence under the burden shifting analysis first articulated in the Title VII case *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014). This analysis first requires the employee to establish a prima facie case of discrimination under the ADA by proving that (1) he has a

ORDER – PAGE 6

disability, (2) he was qualified for his job, and (3) he was subject to an adverse employment decision on account of his disability. *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 853 (5th Cir. 1999); *see also LHC Grp., Inc.*, 773 F.3d at 695-97 (resolving discrepancy in Fifth Circuit case law on elements necessary to establish prima facie case of discrimination).

Because the record discloses no direct evidence of disability discrimination, Baker must proceed under the *McDonnell Douglas* burden-shifting analysis. As discussed above, Baker has not shown that he was qualified for his job because he could not perform an essential function of his job — safely driving commercial vehicles — with or without reasonable accommodation. *See LHC Grp., Inc.*, 773 F.3d at 697 (applying the standard for job qualification discussed above to a discriminatory termination claim). Accordingly, Schneider is entitled to summary judgment on Baker's discriminatory termination claim.

## CONCLUSION

Because Baker has not shown that he could perform the essential functions of his job with or without reasonable accommodation for his disability, he is not a qualified individual under the ADA and Schneider is entitled to summary judgment on Baker's reasonable accommodation and disability discrimination claims. The Court grants Schneider's motion for summary judgment.

Signed December 21, 2021.

David C. Godbey
United States District Judge