IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JONATHAN BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 3:19-CV-3045-N |
| | ) | |
| SCHNEIDER NATIONAL CARRIERS, INC., | ) ) | |
| | ) | |
| Defendant. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

By order of reference dated March 7, 2022 (doc. 35), before the Court for findings and recommendation is the *Motion for the Appointment of Counsel*, filed on March 1, 2022 (doc. 31.) Based on the relevant filings and applicable law, the motion should be **DENIED**.

This action was dismissed with prejudice on December 22, 2021, after the defendant's motion for summary judgment was granted. (*See* docs. 25, 26.) The plaintiff initially filed a notice of appeal on February 17, 2022, but on March 1, 2022, he filed an amended complaint, his motion for appointed counsel, an amended notice of appeal, and a motion for leave to proceed *in forma pauperis* (IFP) on appeal. (*See* docs. 29, 30, 31, 32, 33.) Neither the plaintiff's motion for appointment of counsel nor his notices of appeal state whether he seeks appointment of counsel for further proceedings in the district court or on appeal. (*See* docs. 29, 31, 32.)

There is no automatic right to appointment of counsel in an employment discrimination case, such as this one. *See Gonzales v. Carlin*, 907 F.2d 573, 579 (5th Cir. 1990) (citing *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977)). "[T]he decision [regarding] whether to appoint counsel rests within the sound discretion of the trial court." *Id.*

1

To guide this determination, the United States Court of Appeals for the Fifth Circuit has identified three factors that should be considered, although none is conclusive: (1) the merits of the claims alleged; (2) the party's efforts to retain the services of an attorney; and (3) the party's financial ability to retain counsel. *Id.* at 580 (citing *Caston*, 556 F2d at 1309, and *Neil v. IAM Local Lodge 2386*, 722 F.2d 247, 250 (5th Cir. 1984)). Although courts must be sensitive and innovative in confronting problems faced by *pro se* litigants in employment cases, they must consider that the plaintiff bears the burden of persuasion and that appointed counsel serve without compensation unless the suit is successful and attorney's fees are awarded. *Lee v. U.S. Postal Serv.*, 882 F. Supp. 589, 593 (E.D. Tex. 1995) (citing 42 U.S.C. § 2000e-5(k)). "In general, then, the circumstances under which [an employment discrimination] litigant is entitled to an appointed counsel are limited." *Id*.

I.   **Financial Ability**

To satisfy this factor, the plaintiff need not make a substantial showing of poverty as is required when moving to proceed IFP. *Lee*, 882 F. Supp. at 593. He is only required to show that he has insufficient assets to investigate and file his claim. *Id.* Here, the plaintiff did not initially seek to proceed IFP in this fee paid case, but he has now filed an affidavit in support of his request to proceed IFP on appeal.[1] The affidavit shows that he appears to have insufficient assets to investigate and file his claim, so this factor weighs in favor of appointing counsel.

II.  **Efforts to Retain Counsel**

To meet the second factor, the plaintiff must show he has been "'reasonably diligent'" in his efforts to retain counsel. *Lee*, 882 F. Supp. at 594 (citing *Bradshaw v. Zoological Soc'y*, 662 F.2d 1301 (9th Cir. 1981); *Caston*, 556 F.2d at 1309. "A reasonably diligent attempt to secure

---

[1] It has been recommended that his request be denied because the appeal is not taken in good faith, presents no legal points of arguable merit, and is frivolous for the reasons it was dismissed. (*See* doc. 34.)

2

counsel means, at a minimum, speaking to an attorney about the merits of the case and pursuing a contingent fee arrangement." *Weber v. Holiday Inn*, 42 F. Supp. 2d 693, 698 (E.D. Tex. 1999) (citing *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977)). The plaintiff's motion indicates that he has contacted several attorneys and legal organizations and explored the possibility of contingent fee arrangements with private attorneys. This factor weighs against the appointment of counsel. *Compare Buesgens v. Snow*, 169 F. App'x 869, 870 (5th Cir. 2006) (noting that this factor will weigh in a plaintiff's favor when he has made repeated attempts to secure counsel).

### III. Merits

This last factor is the most difficult to apply at a preliminary stage of the proceedings. Examination of the merits of plaintiff's claim before receiving an answer to the complaint is "akin to a frivolousness review" under 28 U.S.C. § 1915(e) (formerly § 1915(d)). *See Lee*, 882 F. Supp. at 594. In this case, however, the plaintiff's case has already been found to lack merit, and it was dismissed after the defendant's motion for summary judgment was granted. The plaintiff was represented by counsel during the proceedings before the trial court. This factor weighs against the appointment of counsel.

Considering these factors, the Court finds that the plaintiff has not met his burden to show a basis for appointing counsel at the district court level, or at the appellate level. His motion for the appointment of counsel should be **DENIED**.

**SO RECOMMENDED** on this 8th day of March, 2022.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE