IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JONATHAN BAKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 3:19-CV-3045-N |
| | § | |
| SCHNEIDER NATIONAL CARRIERS, INC., | § | |
| | § | |
| Defendant. | § | |

### **MEMORANDUM OPINION AND ORDER**

Construing Plaintiff Jonathan Baker's ("Baker") filing titled *Plaintiff Request Reinstatement* (Doc. 44) as a motion for relief from judgment under Federal Rule of Civil Procedure ("Rule") 60(b), the Court denies the motion.

Baker filed this lawsuit against his former employer, Schneider National Carriers, Inc. ("Schneider"), alleging disability discrimination and failure to accommodate his disability. (*See* Doc. 1.) Schneider filed a motion for summary judgment to which Baker did not file a response. (*See* Doc. 19.) On December 21, 2021, the Court granted Schneider's motion for summary judgment and entered judgment dismissing Baker's claims with prejudice. (*See* Docs. 25, 26.) Baker filed two notices of appeal, and on May 2, 2022, the United States Court of Appeals for the Fifth Circuit dismissed his appeal for want of jurisdiction. (*See* Docs. 29, 32, 43.) Baker now requests reinstatement of the case based on alleged fraud and disclosure of his confidential and privileged information by his counsel and Schneider. (*See* Doc. 44 at 2-3.) He also asserts that he has "a justifiable explanation for the absence in Order of Dismissal response due to bereavement and being 100% [b]lind and [d]isabled." (*Id.* at 2.)

Because Baker appears to seek relief from the judgment dismissing his claims, and because

the filing was received more than 30 days after entry of judgment, it is properly construed as a motion for relief from judgment under Rule 60(b). *See, e.g.*, *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) ("A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)[,] . . . . based on when the motion was filed."). Rule 60(b) provides that a district court may grant relief from a final judgment for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of an adverse party; (4) a void judgment; or (5) a judgment that has been reversed or otherwise vacated. Fed. R. Civ. P. 60(b)(1)-(5). A court can also set aside a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Here, Baker's allegations appear to implicate Rule 60(b)(1), (b)(2), and (b)(3).

Regarding Rule 60(b)(1), the Court entered a scheduling order on April 11, 2020, in which trial was scheduled for September 13, 2021, and the deadline for filing all motions was 90 days before trial, or June 15, 2021, unless the parties agreed otherwise in writing. (*See* doc. 15.) Accordingly, Schneider's motion deadline was known by April 11, 2020. Consistent with the scheduling order, Schneider filed its motion for summary judgment on June 15, 2021. Over six months later, on December 21, 2021, the summary judgment motion was granted, and judgment was entered without Baker filing any response. A plaintiff "has a 'duty of diligence to inquire about the status of a case.'" *Trevino v. City of Fort Worth*, 944 F.3d 567, 571 (5th Cir. 2019). Although Baker generally claims excusable neglect for failing to respond to the summary judgment motion due to bereavement and blindness, he has not shown that he exercised due diligence to inquire about the status of his case given that the deadline for Schneider's motion was known for 18 months, and the summary judgment motion was pending on the docket for six months, before

2

the case was dismissed. He also was represented by counsel during the 18-month period between notice of the deadline for Schneider to file any motion and dismissal of the action. Given these circumstances, Baker's general allegations of blindness—especially as he continues to be able to file and address pleadings despite any blindness—and bereavement are insufficient to constitute excusable neglect for purposes of Rule 60(b)(1).[1]

Regarding Rule 60(b)(2), although Baker claims that he "disclosed prudent evidence" against Schneider, he did not attach any evidence to his filing, and he has neither alleged nor shown that any such evidence was newly discovered. (Doc. 44 at 1.) He therefore has failed to show that he is entitled to relief under Rule 60(b)(2).

As to Rule 60(b)(3), Baker, as the party asserting that the judgment was obtained through alleged fraud, misrepresentation, or misconduct by his counsel and Schneider, "first has the burden of proving fraud or other misconduct by clear and convincing evidence and must then show that it prevented him 'from fully and fairly presenting his case.'" *Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 317 (5th Cir. 2017) (citation omitted). Baker has failed to provide clear and convincing evidence of fraud, misrepresentation, or misconduct to warrant relief under Rule 60(b)(3); his conclusory and unsubstantiated allegations are insufficient. He is not entitled to relief under Rule 60 (b)(3).[2]

---

[1] To the extent Baker's filing can be liberally construed to allege that his counsel was to blame for the failure to respond to Schneider's motion for summary judgment, "[g]ross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993). Relief under Rule 60(b)(1) is not warranted on this basis.

[2] Even considering Baker's filing under the "catch-all" provision of Rule 60(b)(6), it still fails. Rule 60(b)(6) is "'a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances.'" *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604-05 (5th Cir. 1986)). Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (internal quotation marks and citation omitted). Baker has failed to demonstrate the existence of exceptional or extraordinary circumstances warranting relief under Rule 60(b)(6) based on the allegations asserted in his filing.

Accordingly, the *Plaintiff Request Reinstatement* (Doc. 44), construed as a motion for relief from judgment under Rule 60(b), is DENIED.

SIGNED this 2nd day of September, 2022.

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE